IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,    :

    Plaintiff,    :

  v.    :    Case No. 2:06-cr-009

Armon M. McGill,    :    JUDGE SARGUS

    Defendant.    :

## DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on January 26, 2006.  At the conclusion of the hearing, defendant was ordered detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was indicted on January 12, 2006 and charged with multiple criminal offenses.  They included the possession with intent to distribute more than 50 grams of crack cocaine, the possession of a firearm in furtherance of a drug trafficking crime, and the possession of a firearm by a convicted felon.  The defendant is facing a significant minimum amount of prison time (40 years) if convicted on all counts.  The United States' request for detention was based primarily upon the presumption created by the indictment and is judged under the following legal standard.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably

>  assure the appearance of the person
>  as required and the safety of the
>  community if the judicial officer
>  finds that there is probable cause to
>  believe that the person committed an
>  offense for which a maximum term of
>  imprisonment of ten years or more is
>  prescribed in the Controlled Substances
>  Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

There was little in the Pretrial Services Report to overcome the presumption.  The defendants' residence has been somewhat unstable for the last several years.  Although the defendant does have ties to this community, he has only a sporadic employment history.  His criminal record is significant for prior drug-related convictions and also for failures to appear in court on a number of occasions.  He has also been placed on community control in the past and has had that status revoked, and failed to appear for a revocation hearing on at least one occasion.  At the time of his arrest, he admitted to the arresting officers that he had additional firearms at his residence, and two firearms were recovered, one of which was loaded.  The combination of these factors, including the seriousness of the current charges, the fact that they relate to both narcotics and

weapons, the defendant's past drug convictions, and his habit of carrying firearms even after having been convicted of felonies in the past, suggest that he is a danger to the community, and his record of non-appearance in court suggests that he is a risk of flight. Consequently, the defendant was detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge